**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 22-CV-23437-SEITZ

CARMEL TOWNHOMES CONDOMINIUM
ASSOCIATION, INC.,
        Plaintiff,
v.

ROCKHILL INSURANCE COMPANY,
        Defendant.
_____/

<u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>

THIS MATTER is before the Court on Defendant's Motion to Dismiss [DE 1-5]. Plaintiff filed its response on November 4, 2022. [DE 10]. This lawsuit was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County on September 8, 2022, in which Plaintiff seeks declaratory relief and damages for breach of contract, specifically an underlying insurance policy. [DE 1-2]. This matter was removed to federal court on October 21, 2022. [DE 1]. Defendant argues Plaintiff's case should be dismissed for failing to comply with the pre-suit notice requirements set forth in Fla. Stat. § 627.70152. [DE 1-5 at 129]. Since the insurance policy at hand was issued prior to the enactment of the applicable statute, and application of the statute would affect Plaintiff's substantive rights, Defendant's Motion to Dismiss [DE 1-5] is **DENIED.**

<u>ANALYSIS</u>

This lawsuit arises from property damage following Hurricane Irma, which occurred on September 10, 2017. The underlying insurance policy was issued to Plaintiff on January 31, 2017. Fla. Stat. § 627.70152 became effective on July 1, 2021. Defendant argues Fla. Stat. § 627.70152 should be applied retroactively as it is procedural in nature, and failure to provide pre-suit notice warrants a dismissal without prejudice of Plaintiff's action. [DE 1-5 at 133]. The Court is not persuaded by Defendant's arguments.

The Florida Supreme Court has held that when evaluating whether a statue applies retroactively, the applicable date is when the policy was issued, not when suit was filed. *Menendez v. Progressive Exp. Ins. Co., Inc.* 35 So. 3d 873, 876 (Fla. 2010). Further, a statute cannot apply retroactively if the statute will affect a party's substantive rights. *Id.* (citing to *Hassen v. State Farm Mut. Auto Ins. Co.,* So. 2d 106, 108 (Fla. 1996)). In this case, application of Fla. Stat. § 627.70152 would not only affect Plaintiff's rights under the insurance policy but would also eliminate Plaintiff's claim entirely due to the five-year statute of limitation imposed by Fla. Stat. § 95.11. Additionally, the Court disagrees with Defendant's contention that the legislature intended for Fla. Stat. § 627.70152 to apply retroactively. Absent an explicit expression of the Florida legislature's intent, the Court will not assume such intent. Therefore it is

ORDERED THAT

(1) Defendant's Motion to Dismiss [DE 1-5] is **DENIED.**

(2) Defendant must file an Answer on or before **Friday, December 9, 2022**.

**DONE and ORDERED** at Miami, Florida, this 29th day of November, 2022.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Cc: Counsel of Record